**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-04-345 |
| V. | § | CR. No. C-07-669 |
| | § | C.A. No. C-08-360 |
| ALEJANDRO PERALTA-SOTO, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DIRECTING CLERK TO DOCKET MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE IN SEPARATE CRIMINAL CASE,
ORDER SETTING EVIDENTIARY HEARING,
ORDER APPOINTING COUNSEL, AND
ORDER FOR UNITED STATES TO FILE A SUPPLEMENTAL RESPONSE**

Pending before the Court is Alejandro Peralta-Soto's ("Peralta") motion to vacate, set aside

or correct his sentence pursuant to 28 U.S.C. § 2255, which was received by the Clerk on November

6, 2008 and docketed in Cr. No. C-04-345. (D.E. 58.)[1]  The United States filed a combined answer

and motion to dismiss on January 7, 2009.  (D.E. 66, 67.)  After seeking and receiving an extension

of time to respond, Peralta's reply was filed on March 13, 2009.  (D.E. 69-70, 79.)

For the reasons set forth herein, the Court construes Peralta's motion as challenging his

conviction and sentence in Cr. No. C-07-669, rather than his conviction or sentence in Cr. No. 04-

345.  The court therefore directs the Clerk to docket his motion and related filings in Cr. No. C-07-

669 and dismisses his motion insofar as it is pending in Cr. No. 04-345.  The Court also sets the case

for an evidentiary hearing and appoints counsel to represent Peralta.  Finally, the Court orders the

---

[1]  Docket entry references are to Cr. No. C-04-345, unless otherwise noted.

1

United States to file a supplemental response to Peralta's § 2255 motion not later than 30 days after entry of this Order.

## I.      REMEDY FOR IMPROPER CASE NUMBER

As an initial matter, the Court must determine whether Peralta's § 2255 motion was docketed in the proper criminal case.  There are two criminal cases in this district in which Peralta was a defendant.  The first of these is Cr. No. C-04-345 (hereinafter "the 2004 Case").  The criminal judgment against Peralta in that case was entered in December 2004, and Peralta did not appeal.  He was later indicted in Cr. No. C-07-669 (hereinafter "the 2007 Case") and charged with illegal reentry after deportation.  He ultimately pleaded guilty in the 2007 Case, pursuant to a written plea agreement that did not contain a waiver of his appellate or § 2255 rights. (Cr. No. C-07-669, D.E. 20, 22.)

The same conduct that led to his conviction in the 2007 Case also constituted a violation of his supervised release term in the 2004 Case.[2]  Accordingly, he was sentenced on the same date in both cases – April 21, 2008.  (D.E. 53; Cr. No. C-07-669, D.E. 29.)  In the 2007 Case, this Court imposed a sentence of 46 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term.  (Cr. No. C-07-669, D.E. 29, 30.)  In the 2004 Case, the Court revoked Peralta's term of supervised release and imposed a sentence of six months in the custody of the Bureau of Prisons, to be served consecutive to his sentence in the 2007 Case.  (D.E. 53, 55.)  Peralta did not appeal either sentence.

---

[2] The Petition to revoke Peralta's supervised release term actually alleged four different violations. Peralta pleaded true to all of them, and the Court found that he violated the terms of his supervised release. (D.E. 53, 55.)

2

Peralta's original § 2255 filing referenced only case number Cr. No. 04-345, the 2004 Case. Nonetheless, a close reading of it contains various references to his conviction and sentence in the 2007 Case. For example, he references his December 12, 2007 indictment as the indictment he is challenging (a clear reference to the 2007 Case), repeatedly references the 16-level enhancement to his sentence (which occurred only in the 2007 Case), and also refers to his sentence of "52 months" (which is apparently a reference to the combined sentence of both his revocation in the 2004 Case (6 months) and his 46-month sentence in the 2007 Case.) (See generally D.E. 58.) Indeed, the United States even acknowledged in its response that "Peralta relies upon facts and circumstances relating to an indictment in Cr. No. C-07-669 filed on December 12, 2007 to support his petition...." (D.E. 66 at 11.)

Additionally, in his reply, Peralta acknowledged that it was merely an error that he included the 2004 Case number in his original § 2255 motion. (D.E. 79 at 1.) He asks that, if his motion is unacceptable due to the incorrect case number, that the Court "dismiss this motion and let Petitioner submit his motion under the right case number." (D.E. 79 at 2.) He alternatively asks the Court to accept his motion and honor the arguments he has submitted and consider them towards case number Cr. No. C-07-669. (Id.)

The Court construes pro se pleadings liberally. Perez v. United States, 312 F.3d 191 (5th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Although Peralta's original filing contained an incorrect case number, the text of his motion made clear that he was challenging his conviction and sentence in Cr. No. C-07-669, as described above. Based on Peralta's statements in his reply, and, in particular, his statement that he the Court should dismiss the motion and let him submit it under the right case number, the Court will allow his motion to proceed as it was filed in

the correct case, Cr. No. C-07-669.  Rather than requiring Peralta to re-file his motion now in the

2007 Case,[3] the Court instead will simply have his motion docketed in Cr. No. C-07-669.

Accordingly, the Clerk is hereby directed to docket in Cr. No. C-07-669 the following docket entries

from Cr. No. C-04-435, and to docket them as received on the same dates as they were date-stamped

in Cr. No. C-04-435: D.E. 58, 59, 66, 67, 69, and 70.

Additionally, pursuant to Peralta's request, the Court dismisses the motion insofar as it was

filed in the earlier criminal case, Cr. No. C-04-435.  The motion and any pending motions related

to it in that criminal case are hereby denied without prejudice.

## II.     PERALTA'S § 2255 MOTION

Having determined that Peralta's § 2255 motion is properly construed as challenging his

conviction and sentence in Cr. No. C-07-669, the Court turns now to addressing his motion.

### A.     Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### B.     Background and Criminal Proceedings[4]

On November 23, 2004, Peralta was convicted of the offense of aiding and abetting in

transporting an unlawful alien within the United States in the 2004 Case.  He was deported to

Mexico on July 7, 2005.  On September 6, 2005, he was arrested by officers with the Houston, Texas

Police Department for failure to identify oneself to a peace officer and counterfeit/fictitious

inspection sticker.  He was convicted in Harris County, Texas for those offenses, was sentenced to

---

[3] It is not clear that any future § 2255 motion by Peralta would be.  Judgment was entered against him on April 25, 2008 in the 2007 Case and he did not appeal. (Cr. No. C-07-669, D.E. 30.)

[4] The facts of the offense are taken from paragraphs 4 through 7 of Peralta's Presentence Investigation Report.  (Cr. No. C-07-669, D.E. 24.)

ten days custody and subsequently released.  On July 7, 2006, a warrant was issued by this Court because Peralta had violated his supervised release in the 2004 Case by illegally re-entering the United States.

On August 27, 2007, in Lamar, Colorado, a deputy with the Powers County, Colorado Sheriff's Department conducted a traffic stop on a vehicle driven by Peralta for speeding.  A records check revealed that Peralta had an active warrant for violating his supervised release.  A records check also revealed that Peralta was previously removed from the United States and that he was in the United States illegally.

On December 12, 2007, Peralta was charged in the 2007 Case in a single-count indictment with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  (Cr. No. C-07-669, D.E. 8.) As previously noted, he pleaded guilty and sentencing was held on April 21, 2008.  Peralta's PSR determined that Peralta's base offense level was 8.  The PSR increased his offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii) due to his prior alien smuggling offense.  After a three-level adjustment for acceptance of responsibility, his total offense level was determined to be 21. (PSR at ¶¶ 12-21.) Coupled with his criminal history category of III, his resulting advisory guideline range was 46 to 57 months. (PSR at ¶¶ 29, 45.)  Peralta, through counsel, filed a statement with the Court indicating that he had no objections to the PSR.  (Cr. No. C-07-669, D.E. 23.)

The Court sentenced Peralta to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and also imposed a $100 special assessment. (Cr. No. C-07-669, D.E. 29, 30.)  Judgment was entered against him on April 25, 2008.  (Cr. No. C-07-669, D.E. 30.)  Peralta did not appeal.  Peralta was represented at his plea and at sentencing by appointed counsel Amador Garcia.

His motion seeking relief pursuant to 28 U.S.C. § 2255 was received by the Clerk on November 6, 2008.  (D.E. 58.)  It is timely.

### C.   Movant's Allegations

Peralta's § 2255 motion is somewhat disorganized in its presentation.  He has not utilized any standard type of § 2255 form for his motion.  Instead, at the beginning of the motion he lists five "issues" to be resolved in his § 2255 proceedings.  These appear to be grounds for relief.  Peppered throughout his supporting memorandum, however, are references to additional alleged errors by counsel not referenced in Peralta's list of "issues."  Construing his motion liberally, the Court will include the five listed "issues" as grounds for relief, and also treat the allegations of ineffective assistance throughout his memorandum as separate grounds for relief.  So construed, Peralta raises eight different grounds for relief.

First, he claims that his counsel failed to file a Notice of Appeal "upon request by petitioner, as well as his family members."   He offers little in the way of supporting detail, except to add that "counsel left petitioner without any hope of even appealing his case of the lack of communication and the poor performance by petitioners [sic] counsel."  (D.E. 58, Mem. at iv.)[5]

Second, he makes a general claim that his counsel's performance was "way below" that guaranteed by the Sixth Amendment.

Third, he claims that his counsel did not give him the "requisite notice" about his enhanced punishment.  He claims that counsel gave him "erroneous advice" and misled him about the likely sentence he would receive for pleading guilty.  (D.E. 58, Mem. at iv.)

---

[5]  The Court's reference to page "iv" is to the fourth page of Peralta's "Statement of the Issues" section of his memorandum, which Peralta has designated as page "iiii." (See D.E. 58.)

Fourth, in a claim apparently related to his third, Peralta contends that his counsel failed to "get petitioner the amount of time he had promise [sic] after pleading guilty."

Fifth, he alleges ineffective assistance of counsel based on his attorney's failure to argue that the re-entry charge should have been dismissed on the grounds that his children were U.S.-born citizens.  He claims that he is therefore qualified for a "§ 212(h) waiver of deportation" and a § 212(c) waiver of deportation under the attorney general's discretion.  In support of his last claim, Peralta cites to Arrieta v. United States, 224 F.3d 1076 (9th Cir. 2000).  According to Peralta, the Arrieta case supports his assertion that his underlying deportation could not be used to support an element of his conviction, because, like the defendant in Arrieta, Peralta was not informed of his right to a § 212(h) waiver during his deportation proceedings.  Later in his § 2255 motion, Peralta also complains that he did not have an immigration lawyer to represent him in his deportation proceeding.  He appears to be arguing that these defects in his deportation proceedings means that his deportation should not have been used as an element of his offense in the instant case.  (D.E. 58, Mem. at iv, 9-13.)

The additional alleged errors of counsel appear unrelated to Peralta's five listed grounds for relief, except that they could be supporting his second general claim of ineffective assistance. Nonetheless, as noted, the Court will treat each as a separate ineffective assistance of counsel claim. So construed, Peralta's sixth ground for relief is that counsel failed to rely on the advisory nature of the sentencing guidelines after United States v. Booker to ask the Court for a sentence lower than the advisory guideline range.  (D.E. 58, Mem. at iii, 5-9.)

Seventh, Peralta argues that his counsel was constitutionally ineffective because he failed to argue for a reduction in Peralta's sentence pursuant to the "fast track" or "early disposition"

program. (D.E. 58, Mem. at iv, 16-23.)   Although Peralta seems to acknowledge that the Corpus

Christi Division does not have a fast track program, he claims that there is an unwarranted

sentencing disparity between defendants sentenced in courts where the program is available and

defendants sentenced in courts where it is not.

Eighth and finally, Peralta argues he was denied effective assistance of counsel due to his

attorney's failure to challenge the Court's use of his prior conviction to increase his offense level.

(D.E. 58, Mem. at 3.)  According to Peralta, the Court should not have used the "same conviction"

to increase his offense level where: 1) it was non-violent; 2) he did not commit it; and 3) it is an "old

conviction." He contends that the guideline sentence he received "did not account for time Petitioner

had already served for the non-violent felony."  (D.E. 58, Mem. at 22.)

In its response, the United States' primary contention is that Peralta's motion is time-barred

because it sought to challenge his conviction in the 2004 Case.  The United States does not directly

address any challenges Peralta raises to his conviction and sentence in the 2007 Case.  (See

generally D.E. 66.)

> ### D.    Discussion
>
> #### 1.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set

aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28

U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C.

§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage

of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge

may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### 2.       Claim That Counsel Failed to Appeal

As noted, the first of Peralta's claims is a claim that he was denied effective assistance of

counsel because he requested that his counsel file an appeal on his behalf, and his counsel failed to

do so.  The standards applicable to such a claim are clear.  Specifically, "a lawyer who disregards

specific instructions from the defendant to file a notice of appeal acts in a manner that is

professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[W]hen counsel's

constitutionally deficient performance deprives a defendant of an appeal that he otherwise would

have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling

him to an appeal." Id., at 484.  Moreover, a *pro se* movant need not state the grounds on which he

would have appealed, had the opportunity not been denied.  Rodriguez v. United States, 395 U.S.

327, 330 (1969).

In this case, the United States has not provided an affidavit from defense counsel in response

to this claim, presumably because its response treated Peralta's motion as if it was challenging the

2004 Case and its primary argument was that the motion was untimely.  In any event, even if the

United States had provided an affidavit from counsel denying Peralta's allegations, the Court

concludes that an evidentiary hearing would assist it in resolving Peralta's claim.  The Court is

unable to determine on the current record that Peralta is not entitled to relief, because the issue will

turn on the credibility of  Peralta and his defense counsel in the underlying case.  Accordingly, an

evidentiary hearing will be held to resolve this issue.  See Rules Governing Section 2255 Proceedings 8.

### 3.      Claims of Ineffective Assistance of Counsel During Plea

Peralta has also claimed that his counsel promised him a lesser sentence than he received and that his counsel misadvised him concerning his likely sentence.  Peralta's claims that his counsel was ineffective during plea negotiations are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Although the record of the rearraignment in the 2007 Case shows that Peralta was informed by the Court  about the maximum punishment he faced and that his guilty plea was knowing and voluntary, the Court will also allow testimony at the evidentiary hearing regarding Peralta's communications with his counsel concerning his decision to plead guilty and his likely sentence. A hearing on this issue, too, will allow the Court to fully assess the credibility of the parties and

10

obtain evidence relevant to Peralta's claims of ineffective assistance of counsel when pleading guilty.

In short, because the Court cannot determine on the basis of the current record whether Peralta is entitled to relief as to his first, third and fourth claims, the Court will hold an evidentiary hearing.  See Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

If the Court grants Peralta relief on either of his claims that counsel rendered ineffective assistance during his plea, one possible remedy may be to permit Peralta to withdraw his guilty plea and to proceed to trial.  If that occurs, his remaining claims may be rendered moot.  Similarly, if the Court rules in Peralta's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal).  If that occurs, it will be unnecessary to address Peralta's remaining claims until after the resolution of his direct appeal.  Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).  Accordingly, the Court will not address Peralta's remaining claims at this time.

If, subsequent to the hearing, the Court denies relief on Peralta's claim that his counsel failed to appeal and claims of ineffective assistance as to Peralta's guilty plea, it will then address his remaining grounds for relief.

Peralta is entitled to be represented by counsel at the hearing.  See RULES GOVERNING SECTION 2255 MOTIONS 8(c).  Accordingly, attorney L. Chris Iles, 1919 Highway 35 North, Rockport, Texas 78382, is hereby appointed to represent Peralta at the evidentiary hearing.  A copy of this Order shall be provided to Mr. Iles, as well as directly to Peralta and to the United States Attorney.

Finally, because the United States has not yet responded substantively to Peralta's motion as it relates to the 2007 Case, it is also ORDERED that the United States file a supplemental response to Peralta's § 2255 motion not later than thirty days after entry of this Order.  The supplemental response shall specifically address the grounds for relief as the Court has described them in Section II.B., supra, with regard to Peralta's conviction and sentence in Cr. No. C-07-669.

## III.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.      Peralta's § 2255 motion in Cr. 04-345 and all pending motions are dismissed without prejudice.

2.      The Clerk shall docket in Cr. No. C-07-669 the following docket entries from Cr. No. C-04-435, and to docket them as of the same dates as they were date-stamped in Cr. No. C-04-435: D.E. 58, 59, 66, 67, 69, and 70.

3.      The United States shall file a supplemental response to Peralta's § 2255 motion not later than thirty days after entry of this Order.  The supplemental response shall specifically address

the grounds for relief as the Court has described them in Section II.B., <u>supra</u>, as they relate to Peralta's conviction and sentence in Cr. No. C-07-669.

       4.      The Court will hold an evidentiary hearing on Peralta's § 2255 motion.  The hearing will address Peralta's claim that his counsel failed to appeal upon request, and that counsel misadvised or promised Peralta a lesser sentence than Peralta received.  **The evidentiary hearing is set for 10:00 a.m. on Thursday, June 18, 2009.**

       5.      L. Chris Iles is hereby appointed to represent Peralta at the evidentiary hearing.

       It is so ORDERED this 4th day of May, 2009.

                       _____
                             Janis Graham Jack
                           United States District Judge